3

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No: 14-29361-E-13C |
| | DCN:  DPC-1 |
| WALT SCHAEFER, | TRUSTEE'S OBJECTION TO CONFIRMATION |
| | DATE:        DECEMBER 16, 2014 |
| | TIME:        3:00 P.M. |
| | JUDGE:      SARGIS |
| Debtor(s) | COURTROOM:   33 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

1.  **DELINQUENCY:** Debtor is $1,512.30 delinquent in plan payments to the Trustee to date and the next scheduled payment of $1,512.30 is due November 25, 2014. The case was filed on September 18, 2014, and the plan in §1.01 calls for payments to be received by

1

the Trustee not later than the 25th day of each month beginning the month after the order for relief under Chapter 13. The Debtor has paid $0 into the plan to date.

2. **BUSINESS INCOME/EXPENSES NOT DISCLOSED:** Debtors Schedule I (docket #12, pages 22-23) fails to include an attachment showing detailed gross business income and expenses as required by the form, line 8a.

3. **NOT BEST EFFORT:** Debtors plan is not the Debtors best effort under 11 U.S.C. §1325(b). Debtor is above median income, although Form B22 (docket #12, pages 1-7) has not been properly filled out. Debtors plan proposes to pay $1,512.30 for sixty months, paying 100% to unsecured claims. Debtors Schedule J, line 23c shows net disposable income of $1,789.00 per month, which is $276.70 more than the proposed plan payment. Where the plan is effective on confirmation and unsecured creditors are not paid in full on that date, interest appears to be required to pay the present value to unsecured claims (see In re Braswell, 2013 Bankr. LEXIS 2630, *4; (Bankr, Oregon 2013).

4. **BUSINESS ASSETS NOT DISCLOSED:** Schedule B (docket #12) discloses at line 35 100% ownership of AMI Precision, Inc. and values the business at $0. Debtor testified at the First Meeting of Creditors held on November 13, 2014 that AMI Precision, Inc. is a sheet metal fabrication business and there are business assets not disclosed on the Schedule. Debtor has failed to describe the assets or identify any debt to business creditors, where the Debtor is a co-obligor. Schedule H does not list any co-debtors (docket #12, page 21).

5. **MORTGAGE TREATMENT:** Class 4 of Debtors plan (docket #10) lists a mortgage to Bank of the West on commercial real property at 763 Main Street, Chester, CA 96020. Debtor testified that this property is currently in escrow and the mortgage is four months delinquent. Debtor stated that he was relying on the sale of the property to pay the mortgage

arrears. Based on the language of the plan in Section 2.08, the mortgage should be provided for in Class 1 of the plan, and an adequate protection payment provided to the creditor as the sale is pending.

6. **STATEMENT OF CURRENT MONTHLY INCOME:** Debtors Statement of Current Monthly Income, Form B22 (docket #12) is not properly filled out. Based on the wage income in line 2, and the rental income in line 4a, Debtor is above median income and the form should be filled out. Debtor improperly deducts the rental expenses at line 4b.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan, and an order dismissing the case if a new plan is not filed within a reasonable time.

Dated: NOVEMBER 20, 2014

_____
TALVINDER S. BAMBHRA, Attorney for Trustee

3